**In the Matter of William D. NEAL.**

No. 1078S240.

Supreme Court of Indiana.

Dec. 17, 1979.

Forrest Bowman, Jr., Indianapolis, for respondent.

Sheldon A. Breskow and Thomas J. Opsut, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This cause is now before the Court on a one-count complaint filed pursuant to Admission and Discipline Rule 23 by the Disciplinary Commission of this Court. Under the provisions of Admission and Discipline Rule 23, a Hearing Officer has heard this matter and has filed with this Court his findings and conclusions. Neither party has petitioned for review.

The Verified Complaint filed in this cause charges the Respondent with engaging in conduct involving dishonesty, fraud and misrepresentation in violation of Disciplinary Rule 1–102(A)(4), with engaging in conduct prejudicial to the administration of justice adversely reflecting on Respondent's fitness to practice law, in violation of Disciplinary Rules 1–102(A)(5) and (6), and with circumventing the foregoing Disciplinary Rules through the actions of another in violation of Disciplinary Rule 1–102(A)(2).

During the hearing of this matter, the parties submitted a joint Stipulation of Facts which set forth the acts of the Respondent relative to the allegations of misconduct. Having examined this Stipulation and all matters which have been filed in this cause, we now find that Respondent was admitted to the Bar of this State on September 22, 1971, and voluntarily withdrew from the practice of law on February 16, 1978. While engaged in the practice of law, the Respondent represented a defendant in a divorce proceeding in the Superior Court of Delaware County; plaintiff in such proceeding was granted an absolute divorce. Thereafter, the Respondent filed a Petition for Determination of Visitation Rights on behalf of the defendant and a Motion for Change of Judge. The Honorable Steven R. Caldemeyer assumed jurisdiction as the Special Judge. On April 21, 1977, the Respondent, as counsel for defendant, filed a Petition to Modify Visitation Rights and Modify Payments on Medical Bills. The Court heard these matters and on August 5, 1977, entered judgment against the defendant.

On or about September 30, 1977, the Respondent filed a Motion to Correct Errors which was overruled on October 5, 1977. Pursuant to Appellate Rule 2, Indiana Rules of Appellate Procedure, Respondent had thirty (30) days to file a Praecipe to initiate an appeal after the Court's ruling on the Motion to Correct Errors. The Respondent did not file a Praecipe within the statutory period.

On or about November 17, 1977, after the period for filing a Praecipe had expired, the Respondent told an employee of the Superior Court of Delaware County that Judge Caldemeyer had authorized the civil docket to be backdated to show the timely filing of the Praecipe, knowing that no such authorization had been made. This employee, on the representations made by the Respondent, backdated the docket book to reflect the filing of the Praecipe on November 4, 1977.

On December 1, 1977, when this set of facts was brought to the attention of Judge Caldemeyer, the Court, on its own Motion, did strike the Praecipe which had been wrongfully backdated by the Respondent, and confronted the Respondent with the facts that had been discovered. The Respondent readily admitted his actions and took immediate steps to correct this situation. On that same date, a belated Motion to Withdraw the Praecipe and Expunge the Record was filed by the Respondent.

The foregoing findings of fact establish that the Respondent intentionally attempted to perpetrate a fraud upon the Delaware Superior Court. This action is clearly a violation of the *Code of Professional Responsibility for Attorneys at Law*, as adopted by this Court. The Respondent violated Disciplinary Rules 1–102(A)(1), (4), (5) and (6) and, because he accomplished these matters through the actions of another, he violated Disciplinary Rule 1–102(A)(2). His conduct admittedly involved dishonesty, fraud and misrepresentation, was prejudicial to the administration of justice, and adversely reflected on his fitness to practice law. Having found that Respondent engaged in misconduct, we must now determine the appropriate sanction. The foregoing findings of fact, based to a large degree on a joint stipulation submitted by the Respondent and the Disciplinary Commission, discloses that the misconduct in this case was an isolated and solitary incident in Respondent's practice of law and was occasioned by a deep emotional disturbance involving Respondent's personal life.

Prior to the initiation of charges the Respondent voluntarily withdrew from the practice of law and throughout the entire disciplinary process he has shown genuine remorse for his breach of ethical obligations. The actions taken by Respondent following his misconduct served an underlying purpose of the *Code of Professional Responsibility*, i. e., the protection of the public from a lawyer who, for whatever reason, is not fit to practice law.

The mitigating evidence further suggests that the Respondent has sought professional assistance during the course of his voluntary suspension and has progressed to some

degree. Whether he has sufficiently recovered to be recommended to resume the practice of law is a matter to be resolved in a reinstatement proceeding.

In light of the above considerations we now conclude that Respondent's misconduct warrants a suspension from the practice of law for a period of two years. However, in view of the mitigating circumstances present in this case, we find that the Respondent should be credited for the period of suspension voluntarily imposed.

It is, therefore, ordered that, by reason of the misconduct found in this case, the Respondent is hereby suspended from the practice of law in this State for a period of two years with the effective beginning date for such suspension being February 16, 1978. After this period of suspension has been completed, the Respondent may petition for reinstatement under the provisions set forth in Admission and Discipline Rule 23, Section 18.

Costs of these proceedings are assessed against the Respondent.